IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

SANDRA L. JOHNSTON,

      Plaintiff,

v.                                    CASE NO. 3:10-00217

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

## MEMORANDUM OPINION

This is an action seeking review of the final decision of the Commissioner of Social Security denying Plaintiff Sandra L. Johnston's (hereinafter "Claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Presently pending before the court is Defendant's Motion to Dismiss Plaintiff's Complaint. (Docket # 12.) Claimant has not filed a response.

The Commissioner seeks dismissal of Claimant's complaint on the ground that it was filed on March 3, 2010, six days after the time for instituting a civil action expired. Thus, the Commissioner asserts Claimant did not comply with 42 U.S.C. § 405(g). In addition, the Commissioner argues that there are no circumstances that justify equitable tolling of the 60-day requirement of 42 U.S.C. § 405(g).

Claimant has not filed a response to the Commissioner's

motion.

The court makes the following findings as to the procedural history in this case:

1. On November 14, 2005, Claimant protectively filed an application for DIB. (# 12-1, p. 7.)

2. An Administrative Law Judge ("ALJ") issued an unfavorable decision on January 28, 2009. (# 12-1, p. 23.)

3. On December 22, 2009, the Appeals Council denied Claimant's request for review. (# 12-1, pp. 24-26.)

4. The decision of the Appeals Council notified the Plaintiff of her right to commence a civil action within 60 days of receipt. The notice indicated that the Appeals Council would presume Claimant received a copy of the notice within five days of the notice. The Appeals Council mailed Claimant's notice to 4595 Camp Branch Road, Huntington, West Virginia 25701 and copied her counsel. Id.

5. With the five days for mailing, Claimant's complaint was due on or before February 25, 2010.

6. On March 3, 2010, Plaintiff filed a complaint, by counsel, with the Clerk of the District Court. (Docket # 2.)

Judicial review of a determination made by the Commissioner of Social Security is controlled by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual, after any final decision of
> the Commissioner of Social Security made after

2

>       a hearing to which he was a party,
>       irrespective of the amount in controversy, may
>       obtain a review of such decision by a civil
>       action commenced within sixty days after the
>       mailing to him of notice of such decision or
>       within such further time as the Commissioner
>       of Social Security may allow. Such action
>       shall be brought in the district court of the
>       United States for the judicial district in
>       which the plaintiff resides, or has his
>       principal place of business, or, if he does
>       not reside or have his principal place of
>       business within any such judicial district, in
>       the United States District Court for the
>       District of Columbia.

Pursuant to the Commissioner's authority under § 405(g) to allow "further time" for the commencement of civil actions, the Commissioner promulgated 20 C.F.R. § 422.210(c) (2010). Under the regulation, the 60-day period starts when notice is received by the claimant. The regulations also create a rebuttable presumption that the claimant receives the notice "five days after the date of such notice." A claimant can rebut this presumption by making a "reasonable showing to the contrary" that he or she did not receive such notice within the five days. 20 C.F.R. § 422.210(c) (2010). If the claimant successfully rebuts the presumption, the burden is then placed upon the Commissioner to establish that the claimant received actual notice. McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

The filing requirement of § 405(g) is not jurisdictional. Bowen v. City of New York, 476 U.S. 467, 478-79 (1986). Instead, it is a statute of limitations subject to equitable tolling. Id. In Bowen, the Supreme Court held that equitable tolling applies

3

"[w]here the government's secretive conduct prevents plaintiffs from knowing of a violation of right ...." <u>Id.</u> at 481 (citations omitted); <u>see also</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990) (stating that tolling of statute of limitations is appropriate where party was tricked or deceived by adversary's misconduct or where filing was timely but defective); <u>Hyatt v. Heckler</u>, 807 F.2d 376, 380-81 (4th Cir. 1986) (finding that tolling is warranted in light of Secretary's secretive policy of nonacquiescence with the law of circuit). In addition, courts have "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." <u>Irwin</u>, 498 U.S. at 96 (citations omitted).

The court finds that Claimant did not file her complaint on time pursuant to 42 U.S.C. § 405(g) and the applicable regulation and that there are no grounds for equitable tolling. In the present case, the Appeals Council issued its decision on December 22, 2009. Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received the notice from the Appeals Council on or before December 27, 2009. Thus, the 60-day period provided in 42 U.S.C. § 405(g) ran on February 25, 2010. Claimant has not attempted to rebut the presumption that she received the Appeals Council's notice in a timely manner, or otherwise explain why equitable tolling is applicable.

For the reasons set forth above, it is hereby **ORDERED** that the

4

Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED** and this matter is **DISMISSED** from the court's docket.

The Clerk is directed to transmit copies of this Memorandum Opinion to all counsel of record.

ENTER: July 6, 2010

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge